02-13-031-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-13-00031-CR

 

 


 
 
 Joe
 Frank Slater
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 355th District
 Court
  
 of
 Hood County (CR11885)
  
 February
 21, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for want
of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER CURIAM

 

 

 

 

   










 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-13-00031-CR

 


 
 
 Joe Frank Slater
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
  
 
 


----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Joe Frank Slater was sentenced on March 8, 2012, to fifteen years for making a
false statement to obtain property or credit.[2]  The trial court signed
the judgment on March 16, 2012.  We dismiss this attempted appeal for want of
jurisdiction.

On December
3, 2012, Appellant filed in the trial court a pro se notice of appeal.  This
court received Appellant’s notice of appeal on January 25, 2013.  Concerned
that we did not have jurisdiction over Appellant’s attempted appeal, we
informed Appellant by letter on January 29, 2013, that this appeal was subject
to dismissal unless Appellant or any party showed grounds for continuing the
appeal on or before February 13, 2013.  Appellant responded, but the response
does not show grounds on which this court may rely for continuing this appeal.

Jurisdiction
is vested in this court by a timely filed notice of appeal.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996).  A defendant’s notice of appeal is timely if
filed within thirty days after sentence is imposed or suspended in open court,
or after the day the trial court enters an appealable order, or within ninety
days after the day sentence is imposed or suspended in open court if the
defendant timely files a motion for new trial.  Tex. R. App. P. 26.2.  Appellant’s
notice of appeal was due no later than April 9, 2012, because he did not file a
motion for new trial.  Because Appellant’s notice of appeal was not filed until
December 3, 2012, it does not invoke this court’s jurisdiction.  Furthermore, this
court does not have authority to grant an out-of-time appeal.  See Slaton,
981 S.W.2d at 210 (reasoning that if an appeal is not timely perfected, a court
of appeals has no jurisdiction to address the merits of the appeal and can take
no action other than to dismiss it).  Accordingly, we dismiss this appeal for
want of jurisdiction.  See Tex. R. App. P. 26.2(a); 43.2(f); Olivo,
918 S.W.2d at 523.

 

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 21,
2013









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 32.32 (West 2011).  The applicable sentencing range in this case was
increased from that of a state-jail felony to that of a second-degree felony
based on his prior offenses.  See id. § 12.425(b) (West Supp. 2012).